```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOHN DiPETTO,

                          Plaintiff,

         -against-
                                              MEMORANDUM & ORDER
JOHN E. POTTER, Former Gen. Postmaster        13-CV-0216(JS)(ARL)
US; PATRICK DONAHOE, Postmaster Gen.
(USPS); LOUIE "LNU", Former Postmaster;
LARRY LIM, Supervisor; MIKE PEDROZA,
Postmaster,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      John DiPetto, pro se
                    11 Hickory Lane
                    Roslyn Heights, NY 11577

For Defendants:     Robert W. Schumacher, II, Esq.
                    U.S. Attorney's Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

On February 19, 2014, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation ("R&R") recommending that this Court (1) dismiss the Complaint with leave to refile within thirty (30) days; (2) deny defendants John E. Potter, Patrick Donahoe, Cassandra Louie, and Lawrence Lim's ("Defendants") motion to vacate the Certificate of Default; and (3) deny plaintiff John DiPetto's ("Plaintiff") motion for default judgment. (Docket Entry 15.) For the following reasons, the Court ADOPTS this R&R in its entirety.

BACKGROUND

Plaintiff commenced this action against Defendants on January 13, 2013. On February 15, 2013, Plaintiff filed a copy of the Summons along with an affidavit of service. (Docket Entry 5.) The affidavit of service reflects that a copy of the Summons was served upon each of Defendants by service on Gregory Nelson at the U.S. Attorney's Office. However, rather than attach a copy of the Complaint as filed with the Court, Plaintiff only attached portions of the Complaint that set forth his factual allegations. (See R&R at 2.) Accordingly, Defendants did not answer or otherwise respond to the Complaint.

On July 23, 2013, Plaintiff requested a Certificate of Default. (Docket Entry 6.) On July 30, 2013, the Clerk of the Court certified Defendants' default. (Docket Entry 7.) In response, on August 7, 2013, Defendants filed a motion to vacate the Certificate of Default and to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 4(m). (Docket Entry 8.) Plaintiff did not respond to Defendants' motion. Rather, on August 16, 2013, Plaintiff filed a motion for default judgment. (Docket Entry 9.)

Judge Lindsay's R&R recommends that this Court dismiss the Complaint with leave to refile within thirty (30) days. As a result, Judge Lindsay's R&R further recommends that this Court deny Defendants' motion to vacate the Certificate of Default and

2

deny Plaintiff's motion for default judgment. However, on March 12, 2014, Defendants filed a letter motion seeking dismissal of this action for Plaintiff's failure to exhaust his administrative remedies. (Docket Entry 16.) The motion was prompted by a March 7, 2014 letter from Plaintiff to Defendants requesting that Defendants stipulate to a stay of the deadline for refiling the Complaint pending the conclusion of Plaintiff's underlying proceeding before the Equal Employment Opportunity Commission.

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Lindsay's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety. The

Complaint is DIMISSED WITHOUT PREJUDICE and Plaintiff is GRANTED leave to refile and serve the Complaint with thirty (30) days of this Order. Defendants' motion to dismiss this action for Plaintiff's failure to exhaust his administrative remedies, (Docket Entry 16), is DENIED WITHOUT PREJUDICE because it is premature. Defendants may move to dismiss upon service of the Complaint.

## CONCLUSION

Judge Lindsay's R&R (Docket Entry 15) is ADOPTED in its entirety. The Complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff is GRANTED leave to refile and serve the Complaint within thirty (30) days of this Order. Accordingly, Defendants' motion to vacate the Certificate of Default (Docket Entries 8, 12) and Plaintiff's motion for default judgment (Docket Entry 9) are DENIED. Further, Defendants' motion to dismiss for Plaintiff's failure to exhaust administrative remedies (Docket Entry 16) is DENIED WITHOUT PREJUDICE.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  13 , 2014
       Central Islip, New York

4